Brassard, J.
After review of the papers and after an extensive hearing, the court ALLOWS the motion of the plaintiffs as follows.
Counsel for the plaintiffs has represented that the plaintiffs are at a critical point in terms of trial strategy and witness preparation. The plaintiffs now wish to obtain copies of a limited number of documents (on the order of 1,000 pages) out of the universe of documents that Wal-Mart has made available to the plaintiffs (on the order of 500,000 to 1,000,000 pages). This court concludes that the selection of a limited number of documents from the much greater universe of documents constitutes work product within the meaning of Rule 26 and Massachusetts case law. The selection of these particular documents will reflect the thinking and strategy of counsel, and will also reflect those documents which counsel and their expert witnesses believe to be of significance in this case. Accordingly, under a protocol to be agreed upon by counsel, the plaintiffs may make copies of these documents without revealing to the defendant which documents have been selected. An extra set of those documents will be made and that set will be held by a third party to be agreed upon by all parties. The documents in the hands of the third party may be accessed by defendant upon motion for good cause shown. Both sets of the documents will be marked as “confidential” in accordance with the prior order of this court.
In any event, no later than the date for filing of the joint pre-trial memorandum or such later date as a judge of this court may order, the parties will identify all exhibits to be used for trial including those documents which may be used for impeachment purposes. Any of the documents obtained by plaintiff pursuant to this order will be identified at the same time. Failure to identify any such document will preclude its admission or use at trial.
Some of the documents produced in accordance of this order may be used during expert deposition. The parties will endeavor to agree upon a protocol for the taking of expert depositions, including whether documents relied upon by an expert witness in forming his opinion will be available in advance to opposing counsel. If the parties fail to reach agreement on this issue, an appropriate motion may be made to the court.
This court believes that the foregoing procedure is a fair one, particularly where the production of documents in accordance with this order will be made on *388 a one-time basis to plaintiffs’ counsel. All of the documents have been and are available to the defendant, and all of the documents could be requested by plaintiffs without revealing which of these documents the plaintiffs view as important. There appears to be no good reason why plaintiffs should be put to that expense or why the defendant should know at this time which documents the plaintiffs consider critical.